LEVINE et al. v. FIELD et al.

(Supreme Court, Appellate Term. February 5, 1909.)

1. PRINCIPAL AND AGENT (§ 136*)—LIABILITIES AS TO THIRD PERSONS—LIA-
BILITIES OF AGENT.

　　Where the purchaser of a business knew that the person who received
the amount paid on the contract acted merely as the seller's agent, and
the agent had accounted therefor to his principal, the seller alone was
liable to the purchaser for failure to repay the amount as required by
the contract in case the business failed to show an agreed weekly income.

　　[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§
476–491; Dec. Dig. § 136.*]

2. SALES (§ 91*)—RESCISSION—OPTION TO RESCIND—GROUNDS.

　　Where a written contract for the sale of a newspaper route provided
that the amount paid on the contract should be returned to the pur-
chaser "if said business" did not show about $18 average weekly "in-
come," the purchaser could not recover the payment on proof that, after
a trial of the route for one week, the "profits" were but $10.71.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 254, 255; Dec.
Dig. § 91.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth Dis-
trict.

Action by Samuel Levine and another against Laura G. Field and
another. From a judgment for plaintiffs, defendants appeal. Re-
versed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and
SEABURY, JJ.

Watts & Merrill, for appellants.
Henry Bergman, for respondents.

GIEGERICH, J. The defendant Field and the plaintiffs entered
into a written agreement by the terms of which Field agreed to sell
to the plaintiffs a newspaper route and business in Flushing, N. Y.
The contract contained, among other things, this clause:

　　"$100 to be paid at this time as a deposit on contract. If said business
does not show about $18 average weekly income at this time, same to be
returned and no sale. If said business does show about such income, and
second parties refuse to complete contract, said $100 shall be forfeited and
retained by said Field as liquidated damages.
　　"Dated June 10, 1907.　　　　　　　　　　Laura G. Field.
　　　　　　　　　　　　　　　　　　　　　　　　　"Samuel Levine.
　　　　　　　　　　　　　　　　　　　　　　　　　"Calman Metzger."

The defendant Gowdey also gave a paper to the plaintiffs reading as
follows:
　　　　　　　　　　　　　　　　　　　　　　　　　"June 10, 1907.
　　"Received as attorney for Laura R. Field $100, fifty in cash and fifty by
check, as deposit on within memorandum and the contract therein mentioned.
　　　　　　　　　　　　　　　　　　　　　　　　　"Sanford S. Gowdey."

The plaintiffs, claiming that the business so contracted to be pur-
chased by them failed to come up to the agreed weekly income, re-
fused to complete their contract and brought suit against these de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendants. Gowdey alone was served, and answered, and contested the suit. He proved that he had accounted to Mrs. Field for the $100 paid on the contract by the plaintiffs, and took the position that he was acting merely as agent or attorney for the defendant Field in the transaction, and that she alone was liable to the plaintiffs. Judgment was given against him, however, and he appeals.

I think the defendant's attitude is correct. The plaintiffs were aware of the fact that Gowdey was attorney for Field and was acting for her. His receipt shows that he received the $100 "as attorney for Laura R. Field." By the terms of the preliminary agreement this $100 was paid by the plaintiffs, to be returned to them or retained by Field as future developments regarding the income of the business might determine. The defendant Field, it is very evident, might litigate the question as to whether or not the plaintiffs were legally entitled to a return of the $100, and the mere statement of this proposition shows that Gowdey was not liable for that sum to any person but his principal, to whom he must account, and had, as the proof shows, accounted.

There is also a defect in proof. The contract provided that, "if said business" did not show about $18 average weekly income, then and in that event that sum was to be repaid. The only proof submitted by the plaintiffs was that, after a trial of the route for one week, the profits were but $10.71. It was not stipulated by the defendant Field as to what the profit should be, but that the sum of $18 should be the average weekly income. What such income was is not made to appear, except from the written statement offered in evidence by the plaintiffs, from which it appears that the weekly income is considerably in excess of $18. In the absence of any testimony showing fraud or deceit on the part of the defendant Field in inducing plaintiffs to enter into the contract, the terms of such contract must control.

The judgment should therefore be reversed, and new trial ordered, with costs to appellant to abide the event. All concur.